IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

**WILLIAM MACY**,

Plaintiff,

v.

**WATERFORD OPERATIONS, LLC,**
and **AVAMERE HEALTH SERVICES, LLC**,

Defendants.

Case No. 1:16-cv-01675-CL

**REPORT AND RECOMMENDATION**

CLARKE, Magistrate Judge

Plaintiff William Macy brings this cause of action against the defendants, Waterford Operations, LLC, and Avamere Health Services, LLC, for employment related claims under the Family Medical Leave Act, Oregon Medical Leave Act, and the Federal Labor Standards Act. The case comes before the Court on the defendants' partial Motion to Dismiss (#14). For the reasons below, the defendants' motion should be granted, and Plaintiff should be granted leave to amend.

## BACKGROUND

Plaintiff worked as the Director of Avamere Health & Fitness Club from his date of hire in November, 1999, until he took a medical leave of absence in September, 2015. He was paid on a salary basis in that position. When he returned from medical leave in October, 2015, Plaintiff alleges that he was transferred from his position as Director, into a receptionist position, which had "substantially different job duties" and a "substantially reduced scope of responsibility and authority."

The only issues before the Court are Plaintiff's Third and Fourth Claim for relief, which are essentially the same causes of action – one arising under the Oregon overtime wage law, ORS 653.261, and the other under the FLSA. Each of these two Claims for Relief can be divided into two sub-parts. First, Plaintiff alleges that when he was transferred into the receptionist position, that position did not "meet legal requirements for exemptions from overtime pay requirements." He alleges that the defendants nevertheless "required allowed, suffered, and permitted Plaintiff to work hours in excess of 40 hours per week" without paying him any overtime compensation. Plaintiff asserts that "there remains due and unpaid overtime wages in an amount to be determined, but not less than 13 hours of overtime worked during the period subsequent to the conclusion of Plaintiff's FMLA / OFLA leave."

The second sub-part of each Claim alleges that Plaintiff, "on information and belief," "was not exempt from the requirement that he be paid overtime rates for overtime hours worked at any time during Plaintiff's employment with Defendants." In other words, Plaintiff asserts that he was not exempt from overtime pay for his entire 17-year work history as the Director of the fitness club. Plaintiff further alleges that throughout the course of his employment, "Defendants required, allowed, suffered, and permitted Plaintiff to work hours in excess of 40

hours per week." He alleges that "Defendants failed and refused to pay Plaintiff for all overtime hours worked, when those wages were due, and there remains due and unpaid overtime wages in an amount to be determined after discovery is complete." Plaintiff also alleges that "on information and belief, Defendants failed to make and keep accurate records of actual hours worked each week and each pay period by Plaintiff in violations of ORS 653.045."

## STANDARD

Pursuant to Rule 12(b)(6), a motion to dismiss will be granted where the plaintiff fails to state a claim upon which relief may be granted. In order to state a claim for relief, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)).

Dismissal under Rule 12(b)(6) is proper "if there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" *Id.* (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)). To survive a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating a motion to dismiss, the court must accept the allegations of material fact as true and construe those allegations in the light most favorable to the non-moving party. *Odom v. Microsoft Corp.*, 486 F.3d 541, 545 (9th Cir. 2007) (internal citations omitted).

## DISCUSSION

### I. Defendants' Motion to Dismiss should be granted.

Defendants move to dismiss, asserting that Plaintiff's claims that he was a non-exempt employee for the entire course of his 17 year employment "are completely devoid of factual allegations," and "Defendant cannot prepare an adequate response or raise defenses to claims that are based solely on 'information and belief.'"

In general, under both Oregon law and the FLSA, an employee who works more than 40 hours in a work week must be compensated for over time. *See* ORS 653.261; 29 U.S.C. § 207(b). However, employees employed in a bona fide executive, administrative, or professional capacity are exempt from state and federal overtime laws. *See* ORS 653.020; 29 U.S.C. § 213(a).

Exemptions to the FLSA are narrowly construed. *Magana v. Com. of the N. Mariana Islands,* 107 F.3d 1436, 1445–46 (9th Cir. 1997), *as amended* (May 1, 1997). Employers claiming an exemption have the burden of proving the allegedly exempt employees "fit plainly and unmistakably within [the exemption's] terms." *Id.* at 1446 (citing *Abshire v. County of Kern,* 908 F.2d 483, 485–486 (9th Cir.1990) (alteration in original); *Service Employees Int'l Union, Local 102 v. County of San Diego,* 60 F.3d 1346, 1350 (9th Cir.1994)). The Ninth Circuit has held that the § 213(b) FLSA exemption claimed here is an affirmative defense that must be pleaded and proved by the defendant. *Jones v. Giles,* 741 F.2d 245, 248–249 (9th Cir.1984) (citing *Donovan v. Nekton, Inc.,* 703 F.2d 1148, 1151 (9th Cir.1983)). *See also* Fed. Rules Civ. Proc. (8)(c) and 12(b), (g)

The Court agrees that the burden of showing that Plaintiff was exempt under the FLSA and Oregon law from overtime wages falls on the employer. Plaintiff, however, is required to

plead some facts regarding when the overtime was worked without adequate compensation. The first parts of Plaintiff's Third and Fourth Claims for Relief do this. They state with specificity that the overtime was worked when Plaintiff returned to work after medical leave and that Plaintiff is owed at least 13 hours of overtime. By contrast, the second part of Plaintiff's Third and Fourth Claim states that "on information and belief, Plaintiff was not exempt from the requirement that he be paid overtime rates for overtime hours worked at any time during Plaintiff's employment with Defendants." Such a blanket statement, covering 17 years of employment, is overly broad and insufficient to give the defendants proper notice regarding his claim. Plaintiff fails to give even a bare estimation of how often he worked more than 40 hours per week without compensation – e.g. every week, every other week, twice a year, every five years – it is completely unclear what the scope of his claim might be. While it is the employer's burden to keep accurate records of actual hours worked each week and each pay period, Plaintiff must still state a plausible claim for relief under Rule 8 and the *Iqbal-Twombly* standard. He has failed to do so.

Similarly, the fact that Plaintiff alleges his non-exempt status based "on information or belief" is not fatal to his claim, but the pleading standards do require that Plaintiff state any supporting allegations giving rise to that belief. To the extent that Plaintiff has specific reasons for believing he was non-exempt during his 17 year employment, such allegations should be stated in his amended pleadings.

### II. Plaintiff should be given leave to amend.

The decision to grant or deny a motion to amend pleadings lies within the district court's discretion. *Pisciotta v. Teledyne Indus., Inc.*, 91 F.3d 1326, 1331 (9th Cir. 1996). Federal Rule of Civil Procedure 15(a) provides that leave to amend a pleading "shall be freely given when

justice so requires." This rule represents a "strong policy permitting amendment." *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 798 (9th Cir.1991). The liberality of the rule is qualified by the requirement that the amendment not cause undue prejudice to the opposing party, is not sought in bad faith, and is not futile. *Green v. City of Tucson*, 255 F.3d 1086, 1093 (9th Cir.2001).

In this case, the Court does not find any potential undue prejudice that would be caused by allowing amendment. The Court does not find that the amendment is sought in bad faith. Nor would it be futile. Therefore, leave to amend should be granted.

## RECOMMENDATION

Defendants' Motion to Dismiss (#14) should be GRANTED. The second part of Plaintiff's Third and Fourth Claims for Relief should be dismissed without prejudice, and Plaintiff should be given leave to amend the claim as discussed above within 30 days of the District Court's ruling on this matter.

This Report and Recommendation will be referred to a district judge. Objections, if any, are due no later than fourteen (14) days after the date this recommendation is entered. If objections are filed, any response is due within fourteen (14) days after the date the objections are filed. *See* FED. R. CIV. P. 72, 6.

Parties are advised that the failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED this 25 day of April, 2017.

MARK D. CLARKE
United States Magistrate Judge