IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| **WILLIAM MACY,** | Case No. 1:16-cv-01675-CL |
| **Plaintiff,** | |
| v. | **OPINION AND ORDER** |
| **WATERFORD OPERATIONS, LLC,** and **AVAMERE HEALTH SERVICES, LLC,** | |
| **Defendants.** | |

CLARKE, Magistrate Judge.

Plaintiff William Macy brings this cause of action against the defendants, Waterford Operations, LLC, and Avamere Health Services, LLC, for employment related claims under the Family Medical Leave Act, Oregon Family Leave Act, Oregon wage laws, and the Fair Labor Standards Act. The case comes before the Court on the defendants' Motion to Strike (#36). For the reasons below, the defendants' motion is GRANTED IN PART and DENIED IN PART.

## STANDARDS

Rule 30(e), which governs changes to deposition transcripts, provides:

> 1. *Review; Statement of Changes.* On request by the deponent or a party before the deposition is completed, the deponent must be allowed 30 days after being notified by the officer that the transcript or recording is available in which:
> (A) to review the transcript or recording; and
> (B) if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them.

Fed. R. Civ. P. 30(e).

Page – 1 – ORDER

In addition to the procedural requirements of Rule 30(e), the Ninth Circuit extends the "sham affidavit" rule to deposition corrections, holding that Rule 30(e) deposition corrections cannot be used to create an issue of fact by contradicting prior deposition testimony. *Hambleton Bros. Lumber Co. v. Balkin Enters.*, Inc., 397 F.3d 1217, 1225 (9th Cir. 2005). While the language of FRCP 30(e) permits corrections "in form or substance," this permission "does not properly include changes offered solely to create a material factual dispute in a tactical attempt to evade an unfavorable summary judgment." *Id.* "Rule 30(e) is to be used for corrective, and not contradictory, changes." *Id.* at 1226.

## DISCUSSION

Defendants move the court for an order striking Plaintiff's corrections to Plaintiff's deposition testimony for the following three reasons: (1) Plaintiff failed to request to review his deposition transcript before completion of his deposition as required by FRCP 30(e); (2) Plaintiff failed to submit his corrections within the thirty-day review and correction period as required by FRCP 30(e); and, (3) Plaintiff's corrections are a sham. Because the Court finds that one of the corrections is moot, and two of the corrections are a sham, the motion is granted in part and denied in part. Therefore, the Court need not address whether the procedural requirements of Rule 30(e) are met.

In order to accept an alteration or correction of deposition testimony, the court must be persuaded that the changes had a legitimate basis, i.e., the testimony required clarification, the deponent genuinely misunderstood the question, or the deponent gained access to new evidence containing material facts. *See Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262, 266 (9th Cir.1991) (quoting *Miller v. A.H. Robins Co.*, 766 F.2d 1102, 1104 (7th Cir .1985)).

Judges in this district have applied this standard to assess the legitimacy of corrected testimony. In *B.J.G. v. Society of the Holy Child Jesus*, Civ.No. 07–541–HA, 2008 WL 896061 (D.Or. Mar.28, 2008), the plaintiff alleged sexual abuse by nuns more than forty years prior to filing her claim in federal court. Whether the plaintiff's claims were time-barred was dependent on the time at which she became aware that she had suffered legally cognizable harm. The plaintiff submitted a corrected deposition and the defendants moved to strike "plaintiff's amended and 'corrected' answers to her deposition, which alter[ed] plaintiff's testimony regarding when she knew of the impact upon her from the nuns' alleged abuse ..." *Id.* at *2. In her deposition, the plaintiff testified that "she actually knew that what she [said] the sisters did to her had contributed to her bouts of depression long before she finally filed her complaint." *Id.* at *6. The plaintiff, by way of a corrected deposition, attempted to alter this testimony and assert that she "[did] not know when she became cognizant that the alleged abuse at issue contributed to her depression...." *Id.* Plaintiff's counsel argued that the corrections were necessary because "plaintiff was pressured for answers that she was unsure of at her deposition and that when pushed, plaintiff was compelled to guess." *Id.* Judge Haggerty concluded that this allegation was not supported by the record and, therefore, the changes made to the transcript were unjustified. Accordingly, the motion to strike was granted.

By contrast, in another decision also in this district, Judge Papak denied the plaintiffs' motion to strike declaration statements based on alleged inconsistencies with deposition testimony. The testimony in question dealt with whether the parties were in compliance with an organizational rule. The court determined that, although the deponent "was less well prepared for his deposition than he would have been under ideal circumstances, and therefore could give no definitive response as to the two plaintiff organizations' current compliance with the Program

Integrity Rule, such ill-preparedness [was] not a basis for granting the motion to strike." *Legal Aid Servs. of Oregon v. Legal Servs. Corp.*, 2008 WL 939185 (D.Or. Apr. 7, 2008). Further, "[b]eyond [the deponent's] inability to answer questions regarding current compliance, comparison of the relevant portions of his deposition testimony and the complained of paragraphs of his declaration reveal[ed] no contradiction." *Id.* at *44.

Defendant raises objections to three different corrections of Plaintiff's deposition. First, Plaintiff was asked whether or not he reviewed documents or notes to prepare for his deposition. He answered that he had. In answering further questions regarding those notes, Plaintiff stated that 95% of them had been generated prior to his termination, and 5% had been generated after termination. Macy Depo. 16. Plaintiff now seeks to amend his answer to state that he prepared 60% of his notes were created prior to his termination, and 40% were created after his termination. He states that all of the notes in question were created for the purpose of contacting an attorney because he believed he was being retaliated against for his FMLA leave, and he states that he incorrectly estimated the percentage of notes made pre- and post-termination. The Court finds that this is a minor discrepancy resulting from an incorrect estimation on the part of the Plaintiff and not directly contradictory to his original testimony and does not substantively change any material fact of the case. Additionally, it appears that all of these notes have been produced in discovery, and thus the issue of attorney-client privilege regarding the notes is moot. Therefore, the Court finds that this correction should not be stricken.

Second, Plaintiff stated in his deposition that on July 30th there was a 60-day action plan put in place. When asked, "Is that the date you believe that you were first being set up to be terminated?" Plaintiff answered, "I believe so." Macy Depo 20. When asked about the motives for his being set up and "singled out to be terminated," Plaintiff stated, "In my mind, I felt like it

was a fiscal decision." Macy Depo. 21. Plaintiff now seeks to amend his answer to state that he believes he was placed on a performance plan and then terminated from his position as Director because he was being retaliated against for his FMLA leave, and his employer chose not to hire a new person to fill the Director position after his termination for financial reasons. At first blush, this correction appears to be directly contradictory to his deposition testimony, and, because the subject is a material part of the case, the specter of a "sham" correction is certainly raised. However, based on other answers given throughout his deposition testimony, Plaintiff's proposed correction makes some sense in the context of his prior answers. Nevertheless, a deposition correction should not be used to substantively bolster or change answers that were poorly phrased. As other courts have stated, a deposition is not a take-home exam. *See, e.g., Garcia v. Pueblo Country Club*, 299 F.3d 1233, 1242 n. 5 (10th Cir.2002) ("The Rule cannot be interpreted to allow one to alter what was said under oath. If that were the case, one could merely answer the questions with no thought at all then return home and plan artful responses. Depositions differ from interrogatories in that regard. A deposition is not a take home examination.") Plaintiff may argue the context of his answer at summary judgment or trial, but he may not simply "correct" his deposition to state a substantively different answer than the one he gave. This correction should be stricken.

Third, after confirming that his family leave notification was given on August 18th, 18 days after his 60-day action plan was put into place, Plaintiff was asked whether the 60-day action plan would still be occurring during his leave. He answered, "Yes." Macy Depo. 63. He was then asked whether he delegated to anyone "to continue to work on any aspects of the plan?" He answered, "Some duties." For instance, he stated that his office manager would be delegated duties, and two instructors "knew that I obviously would be off, and that their responsibilities

were to continue to teach classes. . . and to focus on member retention, and also to encourage through good practices, more members coming in to look at the club with the possibility of membership." Macy Depo. 64. Plaintiff stated that these delegations were verbal, not written. *Id.* There are several other instances of similar answers given by the Plaintiff regarding delegating certain objectives to other employees during his leave. Plaintiff now seeks to amend his answer to state: "I am uncertain if I correctly understood the question asked. My understanding about the 60-day plan in question was that the plan's timelines would be suspended while I was on FMLA leave until I returned fully to work and was fully restored in my position and responsibilities as Director." Once again, this correction appears to be directly contradictory to his deposition testimony, but Plaintiff's proposed correction makes some sense in the context of his prior answers. It is possible that he believed the actual 60-day action plan as it pertained to his performance would be suspended during his leave, but that he nevertheless delegated some of the responsibilities under the plan to other employees to continue attempting to improve the facility's financial outlook. In that way, the plan would "still be occurring" in the operational sense, but not in regards to his own performance evaluation. Once again, however, Plaintiff may make this argument at summary judgment or at trial based on the context of his testimony as a whole, but he may not simply "correct" his deposition to state a substantively different answer than the one he gave. This correction should be stricken.

## ORDER

For the reasons above, the motion to strike (#36) is granted in part and denied in part.

IT IS SO ORDERED AND DATED this ___27___ day of November, 2017.

MARK D. CLARKE
United States Magistrate Judge